Argued August 22, affirmed October 20, reconsideration denied December 3, petition for review denied December 30, 1975

## STATE OF OREGON, *Respondent, v.* BRUCE DAVID HUSS (No. 74-5232), *Appellant.*

541 P2d 498

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

SCHWAB, C. J.

Defendant was convicted of possession of dangerous drugs (LSD). ORS 167.207. His principal contention on appeal is that the drugs were seized from him as a result of a search that was illegal in that it was incident to a pretext arrest.

The arresting officer while on patrol in the city of Springfield observed an automobile being driven by defendant. At a briefing prior to going on patrol, the officer had been told that the persons associated with this automobile might be armed and "thereby considered dangerous."[1]

When the officer first saw the automobile, he noted that it had expired license plates. He did not stop defendant at that time but followed him and when defendant committed a minor traffic infraction, turning right without a signal, the officer called on his radio for a "back-up unit" and then stopped defendant. After certain events, discussed below, took place, the defendant was placed under arrest and searched.

Defendant argues that because minor traffic offenses usually result in citations and not arrests in Springfield, Oregon,[2] and because no traffic charges

[1] The record does not indicate whether the defendant was one of the persons known at the time of the briefing to be associated with the automobile.

[2] As noted below, the arresting officer testified that this was the usual practice in Springfield. This is permitted under ORS 484.100(1) which reads:

"A police officer may arrest or issue a citation to a person for a traffic offense at any place within the jurisdictional authority of the governmental unit by which he is authorized to act."

were brought against defendant after he was arrested, . the trial court erred in not holding that the arrest was merely a pretext for a search of defendant.[9] In support of his position defendant relies on dicta in *State v. Florance,* 270 Or 169, 527 P2d 1202 (1974), which can be read as saying that in some instances a lawful arrest may be a pretext to search and that in such an instance the search is unlawful. We need not here consider the precise import of the *Florance* dicta for there is evidence here to support the trial judge's finding that the arrest was legitimate.

The arresting officer testified that while it was the usual practice to cite rather than arrest for minor traffic offenses, arrests were made when circumstances indicated that there was serious question as to whether the arrested person would respond to a citation. The officer testified that he came to the conclusion that such was the case here because (1) he had been told at a briefing that persons associated with the vehicle defendant was driving might be armed; (2) when he was signaled to pull over, the defendant made a furtive movement; (3) when he got close to defendant, he noticed an empty scabbard attached to defendant's belt; (4) when he asked defendant whether he had taken a knife from the scabbard and hidden it under the seat, defendant said he had not; (5) a subsequent search resulted in finding under the seat a knife which fit the scabbard; (6) defendant was evasive as to his destination; (7) defendant would not name the owner of the automobile; and (8) defendant apparently was from out of town.

The drugs were found in a small container inside a shoulder bag defendant was carrying. Defendant contends that even assuming the police had a right to search, that right was limited to a search for wea-

---

[9] The defendant makes one other assignment of error; it does not warrant discussion.

pons. Such is not the case. In *State v. Florance,* supra, the court stated:

> "* * * We hold, however, that under the *Robinson* rule [United States v. Robinson, 414 US 218, 94 S Ct 467, 38 L Ed 2d 427 (1973)] the items which may properly be seized upon the making of a search as an incident to a lawful custodial arrest include not only weapons and other articles which may be used to either threaten the life of the arresting officer or to effect an escape, and 'instrumentalities' of the crime for which the person was arrested and evidence of that crime, *but also contraband evidence of other crimes.*" 270 at 185. (Emphasis supplied.)

The fact that ultimately no traffic charges were brought against defendant avails him nothing in this case. There is nothing novel or wrong about dropping a minor charge when a serious one develops. Once a legitimate custodial arrest was made, the search was proper. *State v. Florance,* supra.

Affirmed.